1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FRANKLIN CARL LEFEVER,          )
        #81185                  )
                                )
        Plaintiff,              )          2:10-cv-01917-RLH-PAL
                                )
vs.                             )
                                )          **SCREENING ORDER**
SCOTT GUTHERIDGE, *et al.*,     )
                                )
        Defendants.             )
_____ /

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's application to proceed *in forma pauperis* is granted (docket #1).  The court now reviews the complaint (docket #1-1).

**I.  Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

where the factual contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct

deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II.  Instant Complaint**

Plaintiff, who is detained at the Nye County Detention Center ("NCDC"), has sued NCDC officers Cobb, Nicholson, Perry, Lt. Dolfin, and Sgts. Scott Gutheridge and Danita Rounsvill. Plaintiff claims Fourteenth Amendment violations.

In count I, plaintiff claims the following: in August 2010, officer Nicholson arrived at the cell where plaintiff was to escort him, grabbed plaintiff's right hand and slammed the handcuff on tight enough to cut plaintiff, slammed the left cuff on and then jerked plaintiff by the wrists.  The pain in plaintiff's left wrist felt as if a bone had broken and his left thumb went numb.  Officer Cobb stopped Nicholson and adjusted the cuffs.  Plaintiff's right wrist was bleeding in three places.  A doctor later told plaintiff a nerve had been severely pinched and that that was causing the numbness.

The use of force on a person imprisoned for conviction of a crime can rise to the level of cruel and unusual punishment in violation of the Eighth Amendment when the action amounts to the "malicious or sadistic" use of force. *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Spain v. Procunier*, 600 F.2d 189, 197 (9th Cir.1979).  However, as a pretrial detainee, the Fourteenth Amendment applies to plaintiff's claim.  The Eighth Amendment's prohibitions do not apply "until after conviction and sentence." *Graham v. Connor*, 490 U.S. 386, 392 n. 6, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  Pretrial detainees are protected by substantive due process, and may also challenge the use of force against them under the Fourteenth Amendment if that force is so excessive that it amounts to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.").  Pretrial detainees, "who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners." *Id.* at 545; *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir.1991) (en banc) (holding that "deliberate indifference is the level of culpability that pretrial detainees must establish for a violation

of their personal security interests under the Fourteenth Amendment," and "conduct that is so wanton or reckless with respect to the 'unjustified infliction of harm as is tantamount to a knowing willingness that it occur,' will also suffice to establish liability because it is conduct equivalent to a deliberate choice.") (quoting *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)); *see also White v. Roper*, 901 F.2d 1501, 1507 (9th Cir.1990) (for a pretrial detainee to show a violation of substantive due process, he must show "egregious government conduct in the form of excessive and brutal use of physical force."). In deciding whether the force used is "excessive," the court should consider: "(1) the need for force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; and (4) whether the force was applied in good faith."). *Id.; cf. Hudson*, 503 U.S. at 7 (considering same four *Whitley* factors under Eighth Amendment excessive force analysis). Plaintiff states an excessive force claim in violation of his Fourteenth Amendment rights against defendant Nicholson.

In count II, plaintiff alleges that a doctor at NCDC told him that the numbness would resolve in a few days. Plaintiff states that he submitted a medical request to see the doctor when the numbness had not improved after several days. Plaintiff alleges that as of October 12, 2010, about two months later, he had yet to see a doctor. Plaintiff claims deliberate indifference to a serious medical need in violation of the Fourteenth Amendment.

Plaintiff is correct that such claims by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998). The same standard applies to a pretrial detainee's claim of deliberate indifference under the Fourteenth Amendment as to a prisoner's claim under the Eighth Amendment. *Id*.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. In applying this standard, the Ninth Circuit has held

4

1  that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his

2  medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not

3  support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.3d 458, 460 (9th Cir. 1980),

4  citing *Estelle*, 429 U.S. at 105-06.

5           Delay of, or interference with, medical treatment can also amount to deliberate

6  indifference.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898,

7  905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122,

8  1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d

9  1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133,

10  (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

11           Plaintiff's allegations that he submitted a medical request to see a doctor when the

12  numbness in his wrist did not improve and that he had still not seen a doctor about 60 days later when

13  he filed this action may implicate his Fourteenth Amendment rights.  However, plaintiff has failed to

14  identify who was deliberately indifferent to his serious medical needs.  He does not specify whether or

15  what response he received to his request and from whom.  As will be discussed below, plaintiff will be

16  granted leave to amend count II.

17           In count III, plaintiff asserts that he was denied use of the grievance process in violation

18  of the Fourteenth Amendment.  However, plaintiff then merely recites some grievances and the

19  responses.  He notes that officers involved answered the grievances, but doesn't allege that this is

20  improper.  From the facts he sets forth, he appears to have pursued the grievance process.  Count III is

21  dismissed for failure to state a claim for which relief may be granted.

## III.  Conclusion

23           Accordingly, plaintiff's complaint may proceed as to count I.  Count III is dismissed

24  without leave to amend.  Count II is dismissed; however, plaintiff may amend this claim if he chooses

25  to do so in conformance with this Order.

26           If plaintiff elects to file an amended complaint, he is advised that he should specifically

identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If plaintiff elects not to file an amended complaint, this action will proceed as to count I only.

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nye County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's (Franklin Carl Lefever, Detainee No. 81185) account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

If plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the NCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiffs account. **The Clerk shall send a copy of this order to the NCDC Accounting Supervisor, P.O. Box 831, Tonopah, NV 89049.**

   **IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

   **IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** the complaint (docket #1-1).

   **IT IS FURTHER ORDERED** that count III is **DISMISSED**.

   **IT IS FURTHER ORDERED** that count I **MAY PROCEED**.

   **IT IS FURTHER ORDERED** that count II is **DISMISSED with leave to amend** in conformance with the instructions provided in this order.

   **IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his amended complaint, if any, if he believes he can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

   **IT IS FURTHER ORDERED** that if plaintiff chooses to file an amended complaint, plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:10-CV-01917-RLH-PAL**, above the words "FIRST AMENDED"in the space for "Case No.**"  Failure to amend will result in the matter proceeding as to the count allowed in this order.**

1          **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983

2    civil rights complaint form with instructions along with one copy of the original complaint.

3

4

5          DATED this _____10th_____ day of _____January_____, 2011.

6

7                                                    _____

8                                                    ROGER L. HUNT
                                                     Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26