UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANKLIN CARL LEFEVER, ) | Case No.: 2:10-cv-01917-RLH-PAL |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion for Default–#13; |
| ) | Motion to Compel Production |
| SCOTT GUTHERIDGE, *et al*, ) | of Documents–#14) |
| ) | |
| Defendants. ) | |

  Before the Court is Plaintiff Franklin Carl Lefever's **Motion for Default** (#13, May 6, 2011) against Defendant Nicholson.

  Also before the Court is Plaintiff's **Motion to Compel Production of Documents** (#14, May 9, 2011) requesting that the Nye County Detention Center be compelled to produce certain documents.

### BACKGROUND

  This dispute arises from Plaintiff's allegations of civil rights violations under 42 U.S.C. § 1983. On January 10, 2011, Plaintiff filed his Complaint (#3) in this Court. Plaintiff subsequently filed an Amended Complaint (#4), however, several procedural errors prompted the Court to dismiss the filing. (Dkt. #6, Screening Order, Mar. 3, 2011.) The Court ordered the

1

AO 72
(Rev. 8/82)

action to proceed under the original Complaint (#3) as set forth in the January 10, 2011 Order (#2), which dismissed Counts II (with leave to amend) and III. As a result, the only operative claim in this case is Count I against Defendant Nicholson, a corrections deputy.

After the Summons (#9) was returned executed, Nicholson had until April 28 to file an answer, but he failed to do so. Plaintiff then filed his motion for default against Nicholson and motion to compel. However, on May 10, Nicholson filed an answer to Plaintiff's complaint. For the reasons discussed below, the Court denies Plaintiff's motions.

## DISCUSSION

### I.     Motion for Default

#### A.     Legal Standard

Obtaining a default judgment is a process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Rule 55(a) provides for default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Nonetheless, a plaintiff is "not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.* (citations omitted). The Ninth Circuit Court of Appeals has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

#### B.     Analysis

Plaintiff based his motion on the fact that Nicholson failed to answer or otherwise respond to his complaint. However, the situation has changed because Nicholson has now filed an

Answer (#15). The Court finds that Plaintiff has not suffered any prejudice by the short period of time that lapsed between the deadline and Nicholson's answer. Because of the strong policy favoring decisions on the merits in disputed cases, the Court also concludes that default is not appropriate for this case.

**II.     Motion to Compel Production of Documents**

The Court notes that a Rule 26(f) discovery plan and scheduling order has not been filed at this early stage of the case. *See* Rule 26-1, Local Rules of Practice. Discovery responses—including Plaintiff's requests for production—was not required prior to Nicholson's answer. Therefore, Plaintiff's motion to compel is untimely. Accordingly, the Court denies Plaintiff's motion.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Default (#13) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Production of Documents (#14) is DENIED.

Dated: May 11, 2011

_____
**ROGER L. HUNT**
**United States District Judge**