**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FRANKLIN CARL LEFEVER,<br><br>                Plaintiff,<br><br>vs.<br><br>PHILLIP NICHOLSON,<br><br>                Defendant. | Case No. 2:10-cv-01917-MMD-PAL<br><br>**ORDER**<br><br>(Mtn to Compel - Dkt. #42) |

This matter is before the court on Plaintiff Franklin Carl Lefever's Motion to Compel (Dkt. #40). The court has considered the Motion to Compel, Defendant Phillip Nicholson's Opposition (Dkt. #42), and Plaintiff's Reply.

**BACKGROUND**

Plaintiff is a prisoner proceeding in this action pro se and in forma pauperis. In a Screening Order (Dkt. #2) entered January 10, 2011, the court approved Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) and reviewed Plaintiff's Complaint (Dkt. #3) pursuant to 28 U.S.C. § 1915A. The court found Plaintiff stated a claim against Defendant Phillip Nicholson, a corrections officer employed by the Nye County Detention Center ("NCDC"), under 42 U.S.C. § 1983 for excessive use of force in violation of Plaintiff's Fourth Amendment rights. *See* Order (Dkt. #2). Plaintiff's Complaint alleges that on August 19, 2010, Defendant handcuffed Plaintiff with excessive force, pinching a nerve and causing bleeding. *See* Screening Order at 3:7-12. The court allowed Plaintiff leave to amend the Complaint, and Plaintiff filed an Amended Complaint (Dkt. #4) on February 7, 2011. The court reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A, found Plaintiff had not re-alleged his Fourth Amendment excessive use of force claim or stated any additional claims. *See* Order

Case 2:10-cv-01917-MMD -PAL   Document 51   Filed 11/05/12   Page 2 of 6

1  (Dkt. #6). The court dismissed Plaintiff's Amended Complaint and directed that this action proceed on
2  the original Complaint as set forth in the court's first Screening Order. *Id.* at 4:23-26.

## DISCUSSION

**I.     The Parties' Positions.**

    **A.     Plaintiff's Motion to Compel (Dkt. #40).**

Plaintiff seeks an order compelling Defendant to respond to Plaintiff's written discovery requests. On January 3, 2012, Plaintiff served Requests for Admissions ("RFA") and Requests for Production of Documents ("RPD") to Defendant. Plaintiff contends defense counsel, Mr. Joshua Benson, requested an extension of time to respond to the RPDs, which Plaintiff agreed to allow. Plaintiff asserts that Defendant did not respond to the RFAs or file objections within thirty days as required by Rule 36 of the Federal Rules of Civil Procedure. On March 3, 2012, Plaintiff sent Mr. Benson a letter requesting Defendant's responses to Plaintiffs' RFAs. On March 4, 2012, Plaintiff mailed another letter to Mr. Benson confirming Plaintiff's receipt of Defendant's responses to the RPDs, but indicating Defendant's document production was incomplete. Defense counsel did not respond to either letter.

On April 11, 2012, Plaintiff sent a third letter to defense counsel requesting supplemental production. Plaintiff seeks an order compelling Defendant to fully respond to RPDs 1, 5, 6, 7, and 9; however, the Motion does not specify how Defendant's responses to these RPDs are incomplete. In Plaintiff's March 4, 2012, letter, however, he specifies that Defendant should produce: (a) an appeal Plaintiff "filed to Lieutenant Dolfin" related to the August 19, 2010, incident; and (b) photographs Sargent Guthridge took of Plaintiff's wrists after the August 19, 2010, incident.

    **B.     Defendant's Opposition (Dkt. #42).**

Defendant asserts that he has fully complied with his discovery obligations, and Plaintiff's Motion should be denied. The Opposition is supported by the Affidavit of Mr. Benson. Defendant contends Plaintiff' served the RFAs and RPDs on January 5, 2012. On January 26, 2012, Mr. Benson requested an extension of time through February 20, 2012, to respond to Plaintiff's written discovery requests. Plaintiff allowed the extension in a letter dated February 9, 2012, stating, "if you need more time that is fine." Defendant mailed responses to the RFAs and RPDs on March 7, 2012. After

1  receiving Plaintiff's April 11, 2012, letter, Mr. Benson contacted Defendant and the NCDC and asked
2  them to review their files and determine whether any other responsive documents existed.  In a letter
3  dated April 19, 2012, Mr. Benson informed Plaintiff that neither Defendant nor the NCDC had the
4  photographs or grievance appeal documents Plaintiff requested.  Defendant asserts that he responded to
5  the RPDs by producing all responsive documents in his possession and has also responded to the RFAs
6  in full, and therefore, Plaintiff's Motion to Compel should be denied.

7       **C.**    **Plaintiff's Reply (Dkt. #43).**

8       Plaintiff replies that he received Defendant's responses to the RFAs when he received
9  Defendant's Opposition to the Motion to Compel on May 17, 2012, and not in March when Mr. Benson
10 claims he mailed them.  Plaintiff observes that the certificates of mailing attached to Defendant's
11 responses to the RFAs and RPDs are dated January 7, 2012, but the responses themselves are signed
12 and dated March 7, 2012.  Plaintiff asserts he would not have filed a Motion to Compel if he had
13 received Defendant's responses in March as Defendant claims.  Plaintiff seeks leave, therefore, to
14 withdraw the portion of his Motion dealing with RFAs since he has now received Defendant's
15 responses to them.  Plaintiff requests the court deem Defendant's right to object to the RFAs and the
16 RPDs waived because Defendant failed to provide timely responses.

17 **II.**    **Applicable Law & Analysis.**

18      Rule 26(b) of the Federal Rules of Civil Procedure permits discovery into "any matter, not
19 privileged, that is relevant to the claim or defense of any party."  *Id.*   A party served with written
20 discovery requests is obligated to provide truthful responses to all types of discovery requests.  *See* Fed.
21 R. Civ. P. 26(g)(1). A responding party must supplement his initial disclosures and discovery responses
22 if he learns that "in some material respect the disclosure or response is incomplete or incorrect, and if
23 the additional or corrective information has not otherwise been made known to the other parties during
24 the discovery process or in writing."  Fed. R. Civ. P. 26(e).  Additionally, Rule 26(g) requires counsel to
25 sign the discovery responses, and by signing, an attorney certifies that he has made a reasonable effort
26 to ensure his client provided all responsive information and documents available to the client.  *See* Fed.
27 R. Civ. P. 26(g) & advisory committee's note to 1983 amendment.
28 / / /

Here, in a letter dated February 9, 2012, Plaintiff gave Defendant an extension of time to respond to Plaintiff's "written discovery" until February 20, 2012. *See* Letter, attached as Exhibit 4 to Motion to Compel. Additionally, Plaintiff wrote, "I have no problem with [giving an extension]. If you need more time that is fine." *Id.* It is unclear to the court whether Plaintiff intended to grant Defendant an extension only until February 20, 2012, or whether he allowed Defendant an open-ended deadline beyond February 20, 2012, to respond. Defendant apparently understood Plaintiff had not given a firm deadline because he responded to Plaintiff's RFAs and RPDs on March 7, 2012.

Aside from confusion about the deadline itself, it appears Plaintiff misunderstood Defendant's request for an extension. The January 26, 2012, letter requests an extension of time for Defendant to respond to "written discovery." *See* Letter, attached to Plaintiff's Motion as Exhibit 3. Written discovery is generally understood to mean any and all written discovery requests served on a party pursuant to Rules 33, 34, and 36 (i.e., interrogatories, requests for production of documents, and requests for admissions). However, in Plaintiff's March 3, 2012, letter to Mr. Benson, Plaintiff wrote, "At the time you received Plaintiff's request for written discovery, you should have also received Plaintiff's request for admissions from Defendant as both were mailed at the same time." *See* Letter, attached to Plaintiff's Motion as Exhibit 5. It appears, therefore, that defense counsel thought Plaintiff granted an extension to respond to all written discovery–i.e., both the RPDs and RFAs–and Plaintiff thought Defendant had extended the response deadline only as to the RPDs. Notwithstanding this confusion, Defendant produced all responsive documents in his possession to Plaintiff on March 7, 2012.[1] Several weeks prior, on February 17, 2012, Defendant had also served his Rule 26 disclosures, along with sixty-three pages of documents, to Plaintiff. Additionally, Defendant asked his employer,

---

[1] Plaintiff is correct regarding the date on the certificates of mailing for Defendant's responses to the RFAs and RPDs. Although Defendant's responses to the RPDs and RFAs are signed and dated March 7, 2012, both certificates of mailing state the responses were mailed to Plaintiff on January 7, 2012. Mr. Benson's Affidavit is attached as Exhibit E to Defendant's Opposition. Mr. Benson avers that Defendant's responses to the RFAs and RPDs were mailed on March 7, 2012. Mr. Benson is an attorney and an officer of the court, and providing false testimony in an affidavit would subject him to sanctions from the court and potentially perjury charges and/or discipline by the State Bar of Nevada. Accordingly, the court accepts Mr. Benson's sworn statement that Defendant's responses were mailed to Plaintiff on March 7, 2012. It appears the form certificates of mailing were incorrectly dated.

1  NCDC, whether Plaintiff's prison file contained the appeal documents or photographs.  Defendant
2  represents that neither he nor NCDC possess any of the discovery Plaintiff seeks.

3    Mr. Benson signed his client's discovery responses, and in so doing, certified that he made a
4  reasonable effort to assure that Defendant produced all the responsive information and documents
5  available to Defendant.  *See See* Fed. R. Civ. P. 26(g) & advisory committee's note to 1983
6  amendment. Rule 34 of the Federal Rules of Civil Procedure requires that the party upon whom the
7  request is made be in possession, custody, or control of the requested documents.  *See* Fed. R. Civ. P.
8  34(a)(1); *Estate of Young v. Holmes,* 134 F.R.D. 291, 293 (D. Nev. 1991).  Where a party does not have
9  possession, custody, or control of the documents or information requested, the court cannot compel that
10 party to produce the documents or information.  *Id.*  Here, Defendant has responded that he does not
11 have any additional responsive documents.  Therefore, the court cannot compel him to respond further.
12 Accordingly, Plaintiff's request to compel additional responses to the RPDs is denied.  Defendant is
13 reminded of his duty to supplement incomplete or incorrect discovery responses under Rule 26(e) and
14 to provide complete and truthful responses under Rule 26(g).

15   With respect to the RFAs, Plaintiff has withdrawn his request to compel responses.

16   Finally, Plaintiff requests the court strike Defendant's objections to both the RFAs and RPDs
17 because Plaintiff did not receive Defendant's responses until May 17, 2012, when he received
18 Defendant's Opposition.  However, Mr. Benson signed the responses and dated them March 7, 2012.
19 By signing the responses, counsel has certified as to the truthfulness of the responses *"as of the time*
20 *[they were] made."*  Fed. R. Civ. P. 26(g)(1)(A) (emphasis added).  Accordingly, Mr. Benson certified
21 that Defendant's responses were correct as of March 7, 2012–the date they were made.  Mr. Benson's
22 certification was made with the knowledge that if it was improper, he would face mandatory sanctions
23 from the court pursuant to Rule 26(g)(3) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P.
24 26(g)(3) (stating "[i]f a certification violates this rule without substantial justification, the court . . .
25 *must* impose an appropriate sanction") (emphasis added).  Accordingly, in light of defense counsel's
26 certification, and Mr Benson's affidavit, the court finds the responses were made on March 7, 2012.
27 Unfortunately, in the court's experience,  inmate complaints about delayed mail are common.  Plaintiff
28 does not claim he has been prejudiced by the delay in receiving these responses.  Under these

circumstances, striking Defendant's objections would be an overly harsh sanction, and Plaintiff's request is, therefore, denied.

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Motion to Compel (Dkt. #40) is DENIED.

Dated this 5th day of November, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE